In the Matter of BARRY R. SHAPIRO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 1982

APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Barry R. Shapiro,* respondent *pro se.*

OPINION OF THE COURT

*Per Curiam.*

Respondent, Barry R. Shapiro, admitted to practice in New York State on October 8, 1971, has been suspended from practicing law before the courts of the State of Florida. The order of the Supreme Court of Florida dated April 29, 1982 suspended him for a period of three months and one day, and thereafter, until he shall prove his rehabilitation. Prior to reinstatement, the respondent must pass the ethics portion of the Florida Bar examination.

In the event respondent petitions for reinstatement, the Florida Supreme Court stated it would consider at that time whether he should be placed on supervised probation as a condition of reinstatement.

The complaint against respondent was in six counts. Count I charged that respondent Shapiro communicated an offer of settlement directly to an adverse party knowing that this party was represented by counsel. Count II charged that Shapiro was under the care of a psychiatrist; that he reached the point where, during periods of stress, he became unable to control his impulses, and that his mental instability made him incapable of practicing law. Count III charged that he placed trust funds belonging to clients in his general account. Count IV charged that he engaged in law practice under the trade name "Peoples Legal Clinic, Inc." Count V charged that he paid a salary to an employee of Peoples Legal Clinic, Inc., the amount of which was contingent on how much money the "Clinic" received in fees. Count VI charged that he elected a non-lawyer as secretary of Peoples Legal Clinic, Inc.

Shapiro submitted a written guilty plea as to counts I, III, IV, V and VI. The referee recommended that Shapiro be found guilty of each count, although with respect to count II, the referee explained that, as evidenced by a recent psychiatrist's report, Shapiro's mental state had substantially improved since the events which gave rise to the proceedings.

The referee considered the mitigating factors that: at the time of Shapiro's misconduct, he was separated from his wife and children by an unwanted divorce; his father and brother had passed away; he was seeing a psychiatrist for the emotional stress caused by these experiences and was significantly improved. The referee recommended that Shapiro be publicly reprimanded and placed on supervised probation for three years with various conditions to be met.

The Florida Bar objected to the proposed disciplinary measures as inadequate in view of the seriousness and cumulative nature of the misconduct, and the Florida Supreme Court agreed in its order of April 29, 1982.

The respondent asserts three affirmative defenses: (1) lack of notice of the Florida Supreme Court decision; (2) that the violations claimed by the Florida Bar concerning technical violations in a legal clinic do not constitute misconduct in this jurisdiction; (3) that there was no proof establishing any misconduct, even of the technical viola-

tions offered by the Florida Bar at the hearing. The respondent demands a hearing as to all the defenses enumerated. The petitioner, Departmental Disciplinary Committee, opposes the respondent's demand for a hearing based upon the affirmative defenses he enumerates.

Subdivision (c) of section 603.3 of the rules of this court (22 NYCRR 603.3 [c]), sets forth with specificity the limited defenses upon which a hearing can be based. Those defenses are as follows:

"Only the following defenses may be raised:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction".

Respondent, in his first affirmative defense, contends that he failed to receive notice of the Florida Supreme Court decision. This defense does not fall within the purview of the defenses enumerated in section 603.3 (subd [c], par [1]) of the rules of this court and set forth *supra*. The record of the Florida proceeding is clear. Respondent was put on notice of the charges pending against him. He, in fact, appeared at the Florida proceedings, entered a plea of guilty to charges brought against him. Additionally, respondent offered evidence seeking to mitigate the circumstances surrounding his misconduct. It follows, therefore, that respondent's claim that the proceeding in Florida was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process completely lacks any merit.

For his second affirmative defense, respondent claims that the conduct for which he was disciplined by the Florida court does not constitute misconduct in this jurisdiction. This defense also lacks any merit.

Respondent submitted a written guilty plea to counts I, III, IV, V and VI of the Florida Bar's complaint against him. Count I charged that respondent communicated an offer of settlement directly to an adverse party knowing this party was represented by counsel. This is in violation of DR 7-104 (A) (1) of the Code of Professional Responsibility (the Code). Count III charges that respondent placed trust funds belonging to clients in his general account. This conduct is violative of DR 9-102 (A) of the Code. Count IV charged that respondent engaged in law practice under the trade name "Peoples Legal Clinic, Inc.". This conduct is in violation of DR 2-102 (B) of the Code. Count V charged respondent with paying a nonlawyer's salary contingent on the amount of money the legal clinic received in fees. This conduct is in violation of DR 3-102 (A) of the Code. Lastly, Count VI charged the respondent with electing a nonlawyer as secretary of the corporation named Peoples Legal Clinic, Inc. This conduct violates DR 3-103 (A) of the Code. Thus all five counts of misconduct to which respondent pleaded guilty constitute misconduct in this jurisdiction and all are predicates for disciplinary action by this court.

As his third affirmative defense respondent contends that "there is an affirmity [*sic*] of proof establishing misconduct to which the Supreme Court of Florida ordered the suspension and that this Court could not consistent with duties, accept as final, the findings of that Florida Supreme Court as to the misconduct." Again, there is no merit to respondent's defense. As mentioned *supra,* respondent pleaded guilty to charges of misconduct. Having done so, he cannot now claim that the Florida Supreme Court had no proof upon which to base its findings.

Accordingly, since the respondent's affirmative defenses are without merit, his request for a hearing should be denied and the application by the Departmental Disciplinary Committee for an order imposing discipline should be granted to the extent that respondent be suspended from the practice of law in New York State until he is reinstated to the Florida Bar, and thereafter, until further order of this court.

MURPHY, P. J., SANDLER, ROSS, CARRO and ASCH, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York effective December 16, 1982, until he is reinstated to the Florida Bar, and thereafter, until the further order of this court, as indicated in the order of this court.