New York Criminal and Civil Courts Bar Association, Respondent, v Leonard D. Jacoby et al., Individually and as Copartners Doing Business as

JACOBY & MEYERS, Appellants. — Appeal from order of the Supreme Court, New York County (G. B. Smith, J.), entered April 2, 1982, dismissed, without costs, as superseded by the appeal taken from the order entered August 25, 1982. Order of the Supreme Court, New York County (G. B. Smith, J.), entered August 25, 1982 which, in part, denied defendants' motion to dismiss the complaint modified, on the law, to dismiss plaintiff's complaint and, except as so modified, affirmed, without costs. Plaintiff is a domestic corporation. Defendant is a partnership, a "national" law firm, with numerous offices both in California and New York. This action is brought under sections 476-a and 476-b of the Judiciary Law to restrain defendants from practicing law in this State. Leonard D. Jacoby and Stephen Z. Meyers, the only partners whose names appear in the firm name, are both admitted to practice in California. They are not admitted to practice in New York. Gail J. Koff, a partner whose name does not appear in the firm name, is admitted to the New York Bar and supervises the 15 or so neighborhood offices located in this State. Section 478 of the Judiciary Law makes it unlawful "for any natural person to practice or appear as an attorney-at-law * * * without having first been duly and regularly licensed and admitted to·practice law in the courts of record of this state". Section 476-a empowers the Attorney-General, upon his own information or upon the complaint of a private person or a bar association, to maintain an action to restrain the unlawful practice of the law. It also empowers a bar association to maintain such action upon application to a Justice of the Supreme Court, upon good cause shown, where written request has been made upon the Attorney-General and more than 20 days have elapsed since the making of such request and the Attorney-General has failed or refused to take such action. Section 476-b authorizes the issuance of an injunction to restrain the unlawful acts. The rise of multistate law firms has created new problems. The Code of Professional Responsibility has endeavored to deal with the problem here specifically presented by requiring (DR 2-102[D]): "A partnership shall not be formed or continued between or among lawyers licensed in different jurisdictions unless all enumerations of the members and associates of the firm on its letterhead and in other permissible listings make clear the jurisdictional limitations on those members and associates of the firm not licensed to practice in all listed jurisdictions; however, the same firm name may be used in each jurisdiction." The defendants have complied with this requirement by listing on their stationery the names of the partners, with the name of Gail Koff leading the list. Following the names of Stephen Z. Meyers and Leonard D. Jacoby there is an asterisk which notes that they are members of the "California Bar". In response to questioning upon the argument we were informed that the asterisk notation has since been corrected to read "California Bar Only". This complies with DR 2-102(D). Since there is no question but that Mr. Jacoby and Mr. Meyers do not and have not performed services in this State and that such legal services as are performed in this State by the firm of Jacoby & Meyers are performed by attorneys duly licensed and admitted to the Bar of this State, we hold that there has been no violation of the Judiciary Law nor of the Code of Professional Responsibility. Accordingly, the complaint fails to state a cause of action. Concur — Sandler, Sullivan and Bloom, JJ.; Kupferman, J. P., and Kassal, J., dissent in separate memoranda as follows:

Kupferman, J. P. (dissenting). The court's memorandum fairly states the facts as far as it goes, but ignores the reality of the situation and glosses over the implications. It is no longer a requirement that a member of the Bar of the State of New York be a resident upon admission. (*Matter of Gordon,* 48 NY2d 266.) Further, out-of-State lawyers are being admitted throughout the country and practicing. (See Reciprocity Restrictions Are Easing, 5 National LJ, No.

22, Feb. 7, 1983, p 1, col 4; p 24, col 1.) Advertising is now certainly permitted. (*Bates v State Bar of Ariz., 433 US 350.*) Despite this new and recent trend, there are still certain standards to be adhered to with respect to the public. While for many years now there have been law firms in the State of New York with firm names where none of those designated are practicing or even alive, sometimes facetiously referred to as dead men practicing law,[1] e.g., Cadwalader, Wickersham & Taft; Simpson, Thacher & Bartlett; Sullivan & Cromwell; and White & Case, the people who have dealt with those law firms have recognized the firm names as what essentially they are, trade names of identification. In the situation we have here, Jacoby & Meyers is essentially a trade name[2] and Gail J. Koff, the New York partner, is acting professionally (doing business) under that trade name. Because advertising is a new facet in the attorney-client relationship, it poses new problems. (See Steuer, Problems in Lawyer Advertising, 1 Communications and Law, No. 24, spring, 1979, p 69 [Justice Steuer is a former Associate Justice of this court].) Justice Steuer points out that while advertising is accepted, deceptive advertising is forbidden. (See Rules of App Div, 1st Dept, 22 NYCRR 603.22.)[3] These rules, in significant part, provide as follows: "(a) A lawyer on behalf of himself or herself or partners or associates, shall not use or disseminate or participate in the preparation or dissemination of any public communication containing statements or claims that are false, deceptive, misleading or cast reflection on the legal profession as a whole * * * (k) All advertisements of legal services shall include the name, office address and telephone number of the attorney or law firm whose services are being offered." Does an uninitiated member of the public, who appears at the office of Jacoby & Meyers know that in no circumstance will he see either of these personages and, what is more, they could give no legal advice except perhaps as to the law of California? Is such a person then being misled? Do the advertisements indicate the true nature of the situation? These are the problems posed in this matter. It is no answer to say that the sophisticated client, who deals with the well-known trade name law firms who do not advertise, is not in any way deceived. We must also be concerned with the people who are not familiar with the type of legal service that might be involved. The average lawyer is "trained and certified in only a single system of laws." (See Janis, Lawyer's Responsibility for Foreign Law and Foreign Lawyers, 16 International Lawyer 693.) While many aspects of law in the various States of the United States are similar, they are not always the same. The client is entitled to know with whom he is dealing and what their legal background is. It may very well be that Jacoby & Meyers can satisfy the requirements posed and that no client is being deceived. However, this court, by dismissing the complaint of the plaintiff bar association, eliminates any further inquiry and, therefore, we must dissent.

Kassal, J. (dissenting). I am in full agreement with the dissenting views expressed by Justice Kupferman and would affirm the order denying dismissal of the complaint. The majority, in reversing, has gone beyond the record in relying upon the representation by defendants' counsel at oral argument that Jacoby & Meyers had corrected the listing on their stationery to indicate by the addition of the word "only" that both Stephen Z. Meyers and Leonard D.

---

1. DR 2-102(B) permits the use of "the name or names of one or more deceased or retired members of the firm or of a predecessor firm in a continuing line of succession." (McKinney's Cons Laws of NY, Book 29, Judiciary Law.)

2. This is not to allege that there is thus a violation of DR 2-102(B). (See *Matter of Shapiro*, 90 AD2d 22, 25, where " 'Peoples Legal Clinic, Inc.' " was found to be such a violation.)

3. The provision involved is similarly covered in the rules of other departments. (See 691.22 of Rules of App Div, 2d Dept, 22 NYCRR.)

Jacoby are members of "California Bar *Only*" (emphasis added). From this, the majority concludes that there has been sufficient compliance with section 478 of the Judiciary Law and with DR 2-102(D) of the Code of Professional Responsibility. I disagree. There are issues here which cannot be resolved on the conclusory affidavits submitted as to whether the law firm in its several other listings and media advertising has misled the public by conveying the impression that Messrs. Jacoby and Meyers, the only partners whose names appear in the firm name, were legal practitioners, admitted to practice before the courts of this State. In determining that the complaint fails to state a cause of action and that there has been no violation of either the Judiciary Law or the Code of Professional Responsibility, the majority has adopted a most restricted reading and interpretation of the pleading, contrary to the liberal construction which must be accorded under the Civil Practice Law and Rules. Section 478 of the Judiciary Law provides, in part, as follows: "It shall be unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself in a court of record in this state or in any court in the city of New York, or to furnish attorneys or counsel or an attorney and counselor to render legal services, or *to hold himself out to the public as being entitled to practice law as aforesaid,* or in any other manner, or to assume to be an attorney or counselor-at-law, or to assume, use, *or advertise* the title of lawyer, or attorney and counselor-at-law, or attorney-at-law or counselor-at-law, or attorney, or counselor, or attorney and counselor, or equivalent terms in any language, *in such manner as to convey the impression that he is a legal practitioner of law or in any manner to advertise that he either alone or together with any other persons or person has, owns, conducts or maintains a law office* or law and collection office, or office of any kind for the practice of law, *without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state,* and without having taken the constitutional oath and without having subscribed and taken the oath or affirmation required by section four hundred sixty-eight of the judiciary law and filed the same in the office of the clerk of the court of appeals as required by said section" (emphasis added). DR 2-102(D) of the Code of Professional Responsibility provides: "A partnership shall not be formed or continued between or among lawyers licensed in different jurisdictions unless all enumerations of the members and associates of the firm *on its letterhead and in other permissible listings make clear the jurisdictional limitations on those members* and associates of the firm not licensed to practice in all listed jurisdictions; however, the same firm name may be used in each jurisdiction." (Emphasis added.) In dismissing, the majority concludes that any objection to the prior practice followed by the law firm has been alleviated by the one act, namely, the correction made to the letterhead, apparently made during the pendency of the appeal, to reflect the fact that Messrs. Jacoby and Meyers are only admitted in California. Assuming that the correction has actually been made, overlooked are the allegations pleaded in the complaint in relation to the clear provisions of both section 478 of the Judiciary Law and the Code of Professional Responsibility. To repeat, section 478 of the Judiciary Law is unambiguous in precluding any person from advertising or otherwise "hold-[ing] himself out to the public as being entitled to practice law * * * in such a manner as to convey the impression that he is a legal practitioner of law * * * without having first been duly and regularly licensed". DR 2-102(D) requires a clear and direct statement as to the jurisdictional limitations of both members and associates, not only on the letterhead, but also "in other permissible listings". The record incorporates several other large telephone directory listings and advertising by Jacoby & Meyers which plaintiff claims were

misleading.* The crux of the action is that defendants engaged in false and misleading advertising, representing themselves as duly admitted attorneys in this State. Thus, the complaint charges that defendants "purchased large advertising space in the Telephone Directory Yellow Pages for the counties wherein such offices are located representing themselves as a law firm providing legal services * * * widely advertised the firm of 'Jacoby & Meyers' on commercial TV, Radio and other media as a New York law firm with expertise in the laws of the State of New York"; and, as a result, "thousands of New York State residents have retained the firm of 'Jacoby & Meyers' as their attorneys in reliance upon defendants' representation that Leonard D. Jacoby and Stephen Z. Meyers are duly admitted New York State attorneys." Charging false and misleading advertisements in violation of the laws and public policy of the State, plaintiff seeks permanent injunctive relief. Neither the parties nor the majority have adequately addressed the other listings and advertising by these defendants in relation to the proscription contained in both the Judiciary Law and the Code of Professional Responsibility. Noticeably absent in these other listings and media advertising is any reference to the fact that Messrs. Jacoby and Meyers are not admitted to practice law in the courts of this State. Whether the omission is misleading or confusing cannot summarily be disposed of on this record. It is of critical significance on this appeal that the motion to dismiss, pursuant to CPLR 3211 (subd [a], par 7), was made prior to answer. As such, the application was addressed solely to the face of the pleading. According every favorable inference to the allegations of the complaint, as is required upon such a motion I cannot agree with the views expressed by my colleagues that the complaint fails to state a cognizable claim for relief. The majority memorandum concludes "there is no question but that Mr. Jacoby and Mr. Meyers do not and have not performed services in this State and that such legal services as are performed in this State by the firm of Jacoby & Meyers are performed by attorneys duly licensed admitted to the Bar of this State". In so concluding, the majority has made a factual determination, crediting the affidavits submitted by defendants to conclude that the complaint fails to state a cause of action. Where, as here, no notice has been given to convert the application from a motion to dismiss to a motion for summary judgment (CPLR 3211, subd [c]), affidavits may be received and considered "for a limited purpose only, serving normally to remedy defects in the complaint" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636). Such affidavits and other proof may not be considered to determine whether in fact there is evidentiary support to sustain the pleading, as the majority has inappropriately done in this case. Examining the affidavits and proof in that light, at issue here is whether the actions of these defendants, not solely in terms of their listing on their letterhead but further, by their "other permissible listings" and by their advertising, have acted in such a manner as to mislead or deceive the general public in violation of the directives contained in section 478 of the Judiciary Law and in DR 2-102(D).

---

* In almost all of them, the advertising copy features the name "JACOBY & MEYERS, LAW OFFICES" and specifically continues "IF YOU HAVE A LEGAL PROBLEM, YOU SHOULD KNOW *ABOUT US*" (emphasis added). Generally, there are listings of several offices, telephone numbers and except for Jacoby and Meyers, no other attorneys are mentioned by name.